UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**SCOTT GROUDINE, M.D.,**

                        **Plaintiff,**

                        **-v-**                                **1:12-CV-473 (NAM/CFH)**

**ALBANY MEDICAL CENTER GROUP HEALTH
INSURANCE PLAN,**

                        **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Kantor & Kantor LLP
Lisa Sue Kantor, Esq., of counsel
19839 Nordhoff Street
Northridge, California 91324
and
E. Stewart Jones Hacker Murphy, LLP
Thomas J. Higgs, Esq., of counsel
7 Airport Park Boulevard
Latham, New York 12110-0104
Attorneys for Plaintiff

Bond, Schoeneck & King, PLLC
Nicholas J. D'Ambrosio , Jr., Esq., of counsel
Michael D. Billok, Esq., of counsel
111 Washington Avenue
Albany, New York 12210-2211
Attorneys for Defendant

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

     Presently before the Court is the motion (Dkt. No. 38) by defendant Albany Medical Center Group Health Insurance Plan ("defendant") for attorney's fees in this action under the Employee Retirement Income Security Act of 1974 ("ERISA") for equitable relief and to recover employee benefits under an employee benefit plan regulated and governed under ERISA. 29 U.S.C. §

1132(a)(1),(3). By Memorandum-Decision and Order docketed September 17, 2014, this Court granted defendant's motion (Dkt. No. 20) for summary judgment and denied plaintiff's cross motion (Dkt. No. 31) for summary judgment. On September 3, 2015, the Second Circuit affirmed. *See Groudine v. Albany Medical Ctr. Grp. Health Ins. Plan*, 615 Fed.Appx. 51 (2d Cir. 2015). Thereafter, defendant filed a supplemental attorney's fee request (Dkt. No. 48).

As relevant here, ERISA provides: "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). A court's discretion is limited by the requirement that an attorney's fee claimant "must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). As the Second Circuit observed: "After *Hardt*, whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court <u>must</u> consider in exercising its discretion." *Donachie v. Liberty Life Assur. Co. of Boston*, 745 F.3d 41, 46 (2d Cir. 2014) (emphasis in original). While "a district court must begin its § 1132(g)(1) analysis by determining whether a party has achieved 'some degree of success on the merits,' ... it is not required to award fees simply because this pre-condition has been met." *Toussaint v. JJ Weiser, Inc*., 648 F.3d 108, 110 (2d Cir. 2011). A court that chooses to look beyond whether a party seeking a fee award has achieved some degree of success on the merits does not have "unbridled discretion in considering whether to award fees to a successful party"; rather, it should consider five factors, known in this Circuit as "the *Chambless* factors." *Donachie*, 745 F.3d at 46 (citing *Chambless v. Masters, Mates & Pilots Pension Plan,* 815 F.2d 869, 871 (2d Cir. 1987)). These factors are:

-2-

> (1) the degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Hardt*, 560 U.S. at 249 n.1 (internal quotation marks omitted); *accord Donachie*, 745 F.3d at 46.

It is well established that "Congress intended the fee provisions of ERISA to encourage beneficiaries to enforce their statutory rights." *Donachie*, 745 F.3d at 45-46. Therefore,

> "the five [*Chambless*] factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." This "favorable slant toward ERISA plaintiffs is necessary to prevent the chilling of suits brought in good faith." For this reason, when determining whether attorney's fees should be awarded to defendants, we focus on the first *Chambless* factor: whether plaintiffs brought the complaint in good faith.

*Toussaint*, 648 F.3d at 111 (quoting *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000)).

"ERISA's purpose of 'promot[ing] the interests of plan beneficiaries and allow[ing] them to enforce their statutory rights ... often counsels against charging fees against ERISA beneficiaries since private actions by beneficiaries seeking in good faith to secure their rights under employee benefit plans are important mechanisms for furthering ERISA's remedial purpose." *Seitzman v. Sun Life Assurance Co. of Canada*, 311 F.3d 477, 485 (2d Cir. 2002) (quoting *Salovaara*, 222 F.3d at 28).

In the instant case, defendant has prevailed on its motion for summary judgment and on appeal, and thus is eligible for an award of attorney's fees under *Hardt*. In considering whether to exercise its discretion to make such an award, the Court turns to the *Chambless* factors. Because the attorney's fee claim is asserted against an ERISA plaintiff, the Court focuses on the first *Chambless* factor: whether plaintiff brought the complaint in good faith. *See Toussaint*, 648 F.3d

-3-

at 111. There is no basis on this record to find culpability or bad faith on the part of plaintiff. He asserted a colorable claim – based on a reasonable reading of the policy – for benefits for services actually rendered. There is nothing in the record to support a finding that plaintiff did not have a reasonable belief that he was entitled to coverage. *Compare Seitzman*, 311 F.3d at 485 (affirming award of attorney's fees against plaintiff where, in attempting to demonstrate entitlement to total disability benefits, plaintiff "presented testimony that was found to be deliberately false as to most material points"). The first factor heavily favors plaintiff.

The third *Chambless* factor – whether an award of attorneys' fees against plaintiff would deter other persons acting under similar circumstances – is "carefully phrased" so as to "deter crooked claimants while insulating anyone who asserts a colorable claim." *Seitzman*, 311 F.3d at 485. As the Second Circuit explained in *Salovaara*:

> [W]here ... an ERISA plaintiff has pursued a colorable (albeit unsuccessful) claim, the third Chambless factor likely is not merely neutral, but weighs strongly against granting fees to the prevailing defendant. Awarding fees in such a case would likely deter beneficiaries and trustees from bringing suits in good faith for fear that they would be saddled with their adversary's fees in addition to their own in the event that they failed to prevail; this, in turn, would undermine ERISA's essential remedial purpose of protecting beneficiaries of pension plans.

222 F.3d at 31. Having found that plaintiff in the instant case possessed a colorable claim to benefits, the Court finds that this factor weighs strongly in plaintiff's favor.

The second factor – whether plaintiff is able to satisfy an award of attorney's fees – is neutral. There is no proof on the issue, but in any event, a plaintiff's ability to pay cannot reasonably be viewed as supporting an award of attorney's fees to a defendant who is not otherwise entitled to them. With respect to the fourth factor, there is no basis to find that defendant sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a

significant legal question regarding ERISA itself; thus, the factor is neutral. The fifth factor – the relative merits of the parties' positions – weighs in defendant's favor to the extent that the Court granted summary judgment dismissing plaintiff's claim, and the Second Circuit affirmed; nevertheless, as the Court has already stated, plaintiff possessed a colorable claim.

To conclude, the Court recognizes that defendant achieved success on the merits and thus is eligible for an award of attorney's fees under *Hardt*. In determining whether to exercise its discretion to grant defendant's motion, the Court has considered the *Chambless* factors and finds that the first factor heavily favors plaintiff; the second factor is neutral; the third factor strongly favors plaintiff; the fourth factor is neutral; and the fifth factor favors defendant. Particularly in view of the remedial purpose of ERISA, consideration of the *Chambless* factors strongly supports denial of defendant's motion. Accordingly, in the exercise of its discretion, the Court denies defendant's motion for an award of attorney's fees under 29 U.S.C. § 1132(g)(1).

It is therefore

ORDERED that defendant's motion (Dkt. No. 38) for attorney's fees is denied.

IT IS SO ORDERED.

DATED: December 29, 2015
       Syracuse, New York

*(signature)*
Norman A. Mordue
Senior U.S. District Judge